**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| RICHARD C. SKIPPER, ) <br> *as Personal Representative of the Estate of* ) <br> *George W. Skipper, III, and as Personal* ) <br> *Representative of the Estate of* ) <br> *Helen O'Melia Skipper*, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | CIV. ACT. NO. 1:22-cv-272-TFM-B |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Plaintiff's Motion to Alter or Amend Judgment* (Doc. 23, filed 8/16/23), the response in opposition (Doc. 25, filed 9/8/23), and reply (Doc. 26, filed 9/18/23). Plaintiff Richard C. Skipper, as personal representative of the estate of George W. Skipper, III, and as personal representative of the estate of Helen O'Melia Skipper, moves the Court, pursuant to Fed. R. Civ. P. 59(e), alter or amend its Memorandum Opinion and Order and Judgment that was entered on July 19, 2023 ("Memorandum"). *Id.* In support of Plaintiff's motion, he argues the Court erred it its Memorandum when it relied on *Pacific Gas & Electric Co. v. United States*, 417 F.3d 1375, 1382 (Fed. Cir. 2005) (hereinafter, *PG&E*) and when it dismissed his complaint because the Internal Revenue Service ("IRS") was required to file suit to recover the nonrebate erroneous refund under 26 U.S.C. § 7405, or reassess George Skipper and Helen Skipper's 2013 tax liability. *Id.* Plaintiff argues the holding of *PG&E* is limited to the facts that were presented in that case, the use by the IRS of an offset to recover statutory interest that the appellate court

characterized as a nonassessable item. *Id.* In sum, Plaintiff argues the IRS was not authorized to recover a nonrebate erroneous refund through offset. *Id.*

In response, Defendant United States of America ("the United States") argues Plaintiff has not identified any new evidence or a manifest error of fact or law from the Court's Memorandum that would serve as a reason to alter or amend the Court's judgment. Doc. 25. The United States contends Plaintiff's only argument is the Court erred when it relied on *PG&E*, which does not satisfy the requirements for a court to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). *Id.*

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

The crux of Plaintiff's argument is the erroneous refund at issue in this matter was related to a tax liability and, therefore, the IRS was required to reassess the refund then collect it within the statutory time limits or otherwise recover it through an appropriate lawsuit as described in *O'Bryant v. United States*, 49 F. 3d 340, 342 (7th Cir. 1995), and *Bilzerian v. United States*, 86 F.3d 1067 (11th Cir. 1996).

As the Court explained in its Memorandum Opinion, based on Plaintiff's allegations, the refund at issue was not issued as the result of a substantive recalculation of taxes that were owed but was issued, and reissued, because of the IRS's error, which means it is classified as a nonrebate

erroneous refund and is nonassessable in nature. *See PG&E*, 417 F.3d at 1383 ("Given that a nonassessable quantity cannot be determined to be due and collectable, *see* West's Tax Law Dictionary 67 (2004 ed.) (defining "assess" as "[t]he posting of tax, penalty, and interest that has been determined to be due and collectable"), it would be illogical to treat such a quantity as analogous to a taxpayer's tax liability."); *O'Bryant*, 49 F. 3d at 342 ("The rebate/nonrebate distinction arises from the definition of 'deficiency' contained in 26 U.S.C. § 6211; rebate refunds can be included in deficiency calculations, while nonrebate refunds cannot.").

In *O'Bryant*, the Seventh Circuit stated:

> There are two ways in which the IRS can recover an erroneous payment to a taxpayer. It can either file suit under § 7405, the erroneous refund suit provision, or pursue the post-assessment collection procedures outlined above (§ 6303 notice and demand, followed by judicial and/or administrative action).

49 F.3d at 342-43 (footnotes omitted). The Eleventh Circuit stated the same in *Bilzerian*. 86 F.3d at 1069. The Federal Circuit in *PG&E* viewed the IRS's ability to offset nonassessable quantities, which include nonrebate erroneous refunds, as analogous to "a cause of action by the government to sue for an erroneous refund under § 7405," a statute under which *O'Bryant* and *Bilzerian* prescribe to recover an erroneous payment to a taxpayer. *PG&E*, 417 F.3d at 1384; *Bilzerian*, 86 F.3d at 1069; *O'Bryant*, 49 F.3d at 342-43. Therefore, the IRS could lawfully collect the nonrebate erroneous refund in this matter through an offset.

Ultimately, a review of Plaintiff's motion for reconsideration shows Plaintiff presents the same arguments as those that he raised in his response to the underlying motion to dismiss and the Court is not convinced that it erred in its reliance on the caselaw cited. Therefore, Plaintiff is not entitled to relief pursuant to either Fed. R. Civ. P. 59.

Accordingly, *Plaintiff's Motion to Alter or Amend Judgment* (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** this 20th day of December 2023.

> /s/ Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE